**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY LEWIS WHITING, | No. 14-55932 |
| Plaintiff-Appellant, | D.C. No. 5:13-cv-00250-BRO-CW |
| v. | |
| CITY OF CATHEDRAL CITY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Beverly R. O'Connell, District Judge, Presiding

Argued and Submitted July 11, 2018
Pasadena, California

Before: BERZON and N. R. SMITH, Circuit Judges, and CASTEL**, District
Judge.

Timothy Lewis Whiting ("Whiting") appeals from the dismissal with

prejudice of his First Amended Complaint ("FAC") alleging that the City of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**     The Honorable P. Kevin Castel, United States District Judge for the
Southern District of New York, sitting by designation.

Cathedral City and various officers of the Cathedral City Police Department ("CCPD") infringed upon his First and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983. We conclude that his § 1983 claims are time-barred and so affirm. *See Cassirer v. Thyssen-Bornemisza Collection Found.*, 862 F.3d 951, 974 (9th Cir. 2017) (holding that the district court's decision may be affirmed "on any ground supported by the record" (quoting *Jewel Cos. v. Pay Less Drug Stores Nw., Inc.*, 741 F.2d 1555, 1564 (9th Cir. 1984)).

The limitations period for § 1983 actions is governed by the forum state's statute of limitations for personal injury actions, *Lukovsky v. City & Cty. of S.F.*, 535 F.3d 1044, 1048 (9th Cir. 2008), which in California is two years, Cal. Civ. Proc. Code § 335.1; *see also Jackson v. Barnes*, 749 F.3d 755, 761 (9th Cir. 2014). Because Whiting initially filed this action in state court on December 28, 2012, claims that accrued prior to December 28, 2010 are time-barred.

Federal law governs when a claim accrues. *Lukovsky*, 535 F.3d at 1048. *Lukovsky* held that "the claim accrues upon awareness of the actual injury . . . and not when the plaintiff suspects a legal wrong." *Id.* at 1049.

Whiting's Fourteenth Amendment claim, which, liberally construed, is a Fourth Amendment false arrest claim, is clearly barred by the statute of limitations, as the alleged arrest occurred on August 10, 2008.

Whiting's First Amendment claim is also time-barred. He alleges that in 2008, CCPD fabricated police reports naming him in a child annoyance investigation as retaliation for filing a police complaint against one of its officers. However, according to the FAC, the purported fabrications did not themselves injure Whiting.[1] Rather, the FAC alleges that the fabrications were concealed from him and used as *justification* to arrest and harass him in 2008 and 2009. Whiting did not discover the purported fabrications until July 24, 2012. Whiting's claims therefore accrued during the CCPD encounters in 2008 and 2009, because that is when he was actually injured and became aware of those injuries. They did not accrue in 2012, when he discovered additional facts that allegedly supported his belief that the 2008 and 2009 actions were retaliatory.[2]

Whiting submits that CCPD should be estopped from asserting the statute of limitations because CCPD's concealment of the purportedly fabricated records prevented Whiting from knowing the full scope of his injuries. But the fact that they were allegedly concealed defeats Whiting's argument. CCPD never used the

---

[1]Whiting, asserted for the first time during oral argument that the purported fabrications themselves injured him. This characterization was not made in the briefing, nor can it be fairly read into the FAC. We therefore do not address it. *See Brownfield v. City of Yakima*, 612 F.3d 1140, 1149 n.4 (9th Cir. 2010).

[2] Exhibits attached to the FAC indicate that Whiting already suspected that CCPD was retaliating against him at the time the 2008 and 2009 incidents occurred.

reports to mislead Whiting and prevent him from filing suit. *See Lukovsky*, 535 F.3d at 1052. In fact, CCPD did not mention the reports to Whiting at all. Rather, Whiting's actual injuries — the allegedly retaliatory arrest and harassment — were plain to him at the time they occurred. Nothing prevented him from suing CCPD then. In any event, the reports did not even appear to be concealed as they were accessible through a personal records request.

Finally, amendment would be futile, as no set of additional facts could show that Whiting did not know of his injuries from the arrest and harassment in 2008 and 2009 and that the concealed police reports prevented him from filing suit. We therefore affirm the district court's decision to dismiss Whiting's claims with prejudice.

**AFFIRMED.**